■ DANIEL P. HANNAFIN, Appellant, v UNIVERSAL PICTURES COMPANY et al., Respondents. [650 NYS2d 165] —Order, Supreme Court, New York County (Paula Omansky, J.), entered January 24, 1996, which granted so much of defendants' motion as sought to stay the action and compel arbitration, unanimously affirmed, without costs.

As a member of the Screen Actors Guild, plaintiff is bound by the collective bargaining agreement reached between that union and the motion picture producers and, specifically, the arbitration clause contained in section 56 of the Commercials Contract, to which plaintiff also separately agreed to be bound in his employment agreement (*see, Welch v Carson Prods. Group*, 791 F2d 13, 16, *cert denied* 479 US 1007). Although defendant Universal is not a party to plaintiff's employment agreement with defendants Kodak and J. Walter Thompson Co., it is a "Producer" as defined by section 56 (C) of the Commercials Contract, and thus is covered by plaintiff's agreement to arbitrate. Although section 17 (B) of the Commercials Contract seems to give an actor a choice of either arbitrating or litigating a claim that a producer of a motion picture has reused a commercial without the actor's consent, the apparent conflict is resolved by the employment agreement, which directs arbitration of all disputes, with specific references to section 56 of the Commercials Contract, which directs arbitration of all disputes "between any Producer and any principal

performer arising out of or in connection with * * * any contract or engagement". Public policy considerations are not implicated by arbitration of plaintiff's claims under Civil Rights Law §§ 50 and 51 (*Brown v V&R Adv.*, 112 AD2d 856, 861, *affd* 67 NY2d 772). Concur—Milonas, J. P., Wallach, Kupferman, Ross and Williams, JJ.